IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02261

DENETTE GARCIA

Plaintiff,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER et al.

State Defendants.

---

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

The Board of Trustees of Metropolitan State University of Denver, Janine Davidson, Dave Haden, Kelli Frank, and Kristen Lyons (collectively, the "State Defendants") hereby file this reply in support of their motion for summary judgment. For the reasons set forth in their Motion and the reasons set forth below, the claims asserted by Denette Garcia should be dismissed.

## **LEGAL ARGUMENT**

The purpose of a summary judgment motion is to determine whether there is evidence to support a party's factual claims. *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 557 (10th Cir. 2001). As required by Fed. R. Civ. P. 56(a), the State Defendants produced documents and affidavits establishing that there is no genuine issue as to any material fact and that there is no evidence to support Ms. Garcia's case. Once the State Defendants met their burden of proof, Ms. Garcia was required to "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Ms. Garcia did not meet her burden of proof.

To succeed on her Rehabilitation Act claim, Ms. Garcia was required to establish that she was excluded from MSU "solely by reason of [her] disability." *Halpern v. Wake Forest University Health Sciences,* 669 F.3d 454, 461 (4th Cir. 2012); *Fitzgerald v. Corrections Corp. of America,* 403 F.3d 1134, 1144 (10th Cir. 2005). The undisputed evidence establishes that Ms. Garcia was suspended based upon (1) verbal abuse, (2) failure to comply with reasonable requests from a university official; and (3) attempting to influence the academic process through explicit or implied threats. *See* ECF # 17-4; ECF # 28 at ¶117. Other than Ms. Garcia's own conclusory allegations, there is not one iota of evidence in the record suggesting the State Defendants suspended Ms. Garcia because of her disability. The unsupported conclusory allegations made by Ms. Garcia will not suffice for purposes of summary judgment. *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d at 557-558.

Similarly, Ms. Garcia failed to present evidence demonstrating her procedural due process rights were violated. The undisputed evidence establishes that Ms. Garcia received all of the process that she was entitled to receive. Ms. Garcia alleged that she received a pre-suspension notice describing the complaint against her and how her conduct may have violated the Student Code of Conduct. *See* ECF # 17-3; ECF 28 at ¶ 71-75. Thus, she cannot contest notice. Additionally, Ms. Garcia was given an opportunity to be heard. ECF # 17-3 at pg. 2; Ex. F at ¶ 7. Ms. Garcia was directed to schedule a meeting with Defendant Kelly Frank, at which meeting Ms. Garcia would have had an opportunity to present her side of the story. *Id.* The undisputed evidence demonstrates that Ms. Garcia simply failed or refused to schedule an appointment with Defendant Kelly Frank, as required. Under these circumstances, Ms. Garcia

waived her procedural due process rights by failing to participate. *Krentz v. Robertson,* 228 F.3d 897, 904 (8th Cir. 2000). As such, Ms. Garcia cannot prevail on a procedural due process claim.

Finally, to avoid judgment for the State Defendants based on qualified immunity, Ms. Garcia was required to prove that the State Defendants' actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the State Defendants allegedly violated were clearly established at the time of the conduct at issue. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Ms. Garcia failed to establish either element of qualified immunity. Accordingly, the State Defendants have immunity as to the individual capacity claims.

WHEREFORE, the State Defendants respectfully request the Court grant their Motion for Summary Judgment and dismiss Ms. Garcia's claims.

Dated this 7th Day of May, 2021.

PHILIP J. WEISER
Attorney General

*s/ Allison R. Ailer*

JACQUELYNN RICH FREDERICKS*
First Assistant Attorney General
ALLISON R. AILER*
Senior Assistant Attorney General
Civil Litigation & Employment Section
J. PATRICK HIZON WARWICK-DIAZ*
Assistant Attorney General
*Attorneys for the State Defendants*
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6603/(720) 508-6617
Email: Jacquelynn.richfredericks@coag.gov
allison.ailer@coag.gov
Patrick.Warwick-Diaz@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT upon all parties herein by e-filing with the CM/ECF system maintained by the court and emailing this 7th day of May, 2021 addressed as follows:

Danette Garcia
13854 E. Lehigh Avenue Apt.
H
Aurora, CO 80014
danitalopez91@gmail.com

*s/ Denise Munger*